The plaintiffs are not entitled to partial summary judgment against their insurer Travelers, with respect to the issue of indemnity on the ground that Travelers violated Insurance Law § 3420 (d) by failing to give the injured parties prompt notice of its denial of coverage (see, *Zappone v Home Ins. Co.,* 55 NY2d 131; *Allstate Ins. Co. v Gross,* 27 NY2d 263). The plaintiffs have no standing to assert this statutory violation, since they have not suffered an injury as the result thereof and they are not within the zone of interest which the statutory requirement of notice to the injured parties seeks to protect (see, *Matter of District Attorney of Suffolk County,* 58 NY2d 436, 442; *Dunn v Fishbein,* 123 AD2d 659, 660).

Furthermore, the existence of issues of fact regarding the plaintiffs' claims of estoppel against Travelers and their claims of negligence against the defendant Charles A. J. Yeager Agency, Inc. preclude the granting of partial summary judgment with respect to those claims.

We have considered the remaining contentions of the parties and find them to be without merit. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.

■ DENNIS BATCHIE et al., Appellants-Respondents, v TRAVELERS INSURANCE COMPANY, Respondent-Appellant, and CHARLES A. J. YEAGER, INC., Respondent.—Motion by the Travelers Insurance Company for an order compelling the appellants-respondents to accept one-half the costs of printing the records on appeal in lieu of it printing its own records on its cross appeals from two orders of the Supreme Court, Westchester County (Martin, J.), both dated August 25, 1986,

or in the alternative, for an extension of time to submit its own appendices or records on appeal.

Ordered that the motion is denied as untimely.

The motion papers were filed subsequent to the argument of the cross appeals. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.